# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                              **Case No. 12-CR-88**

**MOHAMMED MAZHARUDDIN, et. al.**
        **Defendants.**

---

## DECISION AND ORDER

The government obtained a forty-eight count indictment charging nine defendants with trafficking in contraband cigarettes and possession and sale of counterfeit tax stamps. Specifically, count one charged defendant Mohammed Mazharuddin and the others with conspiring to ship, transport, receive, possess, sell, distribute, and purchase contraband cigarettes, in violation of 18 U.S.C. § 2342(a), and to knowingly receive, possess, sell, and dispose of falsely made and counterfeited tax stamps, in violation of 18 U.S.C. § 2315. The indictment also charged numerous substantive counts, including one against Mazharuddin, of transporting, receiving, possessing, selling, distributing, and purchasing contraband cigarettes, contrary to 18 U.S.C. § 2342(a).

Mazharuddin filed motions to dismiss the indictment as insufficient and for a bill of particulars. The magistrate judge handling pre-trial proceedings in this case denied the latter and recommended denial of the former. Mazharuddin objects. I review the magistrate judge's recommendation on the motion to dismiss de novo, <u>see</u> Fed. R. Crim. P. 59(b), but may set aside her order on the non-dispositive motion for a bill of particulars only if it is contrary to law or clearly erroneous, <u>see</u> Fed. R. Crim. P. 59(a).

## I. MOTION TO DISMISS THE INDICTMENT

### A.    Applicable Legal Standards

Under Fed. R. Crim. P. 7(c)(1), the indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  An indictment is sufficient if it identifies the elements of the crime, fairly informs the defendant of the charge so that he may prepare a defense, and enables the defendant to evaluate any double jeopardy problems.  Nothing more is required, United States v. Phillips, 645 F.3d 859, 861 (7th Cir. 2011); the indictment need not "exhaustively recount the facts surrounding the crime's commission," United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997), or provide the details of how it will be proved, id. at 1191.  In considering the sufficiency of an indictment, the court considers each challenged count as a whole and refrains from reading it in a hyper-technical manner.  The indictment must be construed according to common sense and read to include facts that are necessarily implied.  United States v. Palumbo Bros., Inc., 145 F.3d 850, 860 (7th Cir. 1998).  An indictment that simply tracks the language of the charging statute will generally suffice.  Agostino, 132 F.3d at 1189.

Further, at the pre-trial stage, the indictment is tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case.  See United States v. Sampson, 371 U.S. 75, 78-79 (1962).  The defendant has no right to challenge the sufficiency of the government's evidence or present his own version of events via pre-trial motion to dismiss.  See, e.g., United States v. Moore, 563 F.3d 583, 586 (7th Cir. 2009); United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006); United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989).

**B.     The Instant Indictment**

The twenty-one page indictment in this case includes a detailed introduction, explaining the manner in which cigarettes are taxed in Illinois and Wisconsin, as well as the requirements of federal law regarding so called "unstamped" cigarettes (i.e., those not bearing tax stamps certifying that applicable taxes have been paid).   Count one (the conspiracy count) then alleges, tracking the statutory text, that beginning or about February 1, 2011, and continuing to on or about April 24, 2012, the defendants conspired "to knowingly ship, transport, receive, possess, sell, distribute, and purchase contraband cigarettes," and "to knowingly receive, possess, sell, and dispose of falsely made and counterfeited tax stamps, which were moving as, were part of, and constituted interstate commerce, knowing such tax stamps to have been falsely made, forged, altered, and counterfeited."  (Indictment at 4.)  The indictment further alleges that the object of the conspiracy was for the defendants to unlawfully enrich themselves by receiving, purchasing, selling, and distributing contraband cigarettes, while evading applicable state cigarette taxes.  In the "manner and means" section, the indictment alleges that the defendants acquired untaxed/unstamped cigarettes from a non-authorized source in this district and transported them for distribution and sale in Illinois.  The indictment then sets forth forty-six overt acts in furtherance of the conspiracy.  (Indictment at 6-13, ¶¶ 20-65.)

Regarding defendant Mazharuddin, the indictment alleges that between "February 14, 2011, and February 26, 2011, Mohammed Mazharuddin provided contact information for an undercover ATF agent (UC) to Mohammad Uddin, identifying UC, as a non-regulated, unauthorized source of untaxed/unstamped cigarettes." (Indictment at 6, ¶ 20.) The indictment indicates that in March 2011 Uddin purchased untaxed/unstamped cigarettes from the UC. The indictment further alleges that on "or about April 6, 2011, Mazharuddin placed a cellular

telephone call to UC to advise UC that Mazharuddin had referred Uddin to UC for the purpose

of purchasing untaxed/unstamped cigarettes." (Indictment at 6, ¶ 24.) The indictment indicates

that Uddin purchased additional quantities of contraband cigarettes from the UC throughout

2011.  The indictment further alleges that:

> 59.    On or about February 20, 2012, Mazharuddin contacted UC to arrange a purchase of untaxed/unstamped cigarettes by Uddin and a second individual who he described as the owner of several Milwaukee area gas stations.
>
> 60.    On or about February 22, 2012, Mazharuddin met UC in Milwaukee, Wisconsin, and advised UC that the purchase by Uddin would have to be postponed, as Uddin was having trouble getting all of the money from his buyer in Illinois.
> . . .
> 63.    On or about March 5, 2012, Mazharuddin contacted UC to set up a purchase of untaxed/unstamped cigarettes by Uddin and Maher Sunnokrot, who Mazharuddin then identified as his business partner from Milwaukee. Mazharuddin told UC that his partner wanted 10 master cases (120,000 untaxed/unstamped cigarettes) and Uddin wanted 3000 cartons (600,000 untaxed/unstamped cigarettes).
>
> 64.    On or about March 7, 2012, Uddin and Sunnokrot purchased 113 master cases (1,356,000 untaxed/unstamped cigarettes) from UC in Milwaukee, Wisconsin, for $169,440.00.  They loaded the cases into a U-Haul truck and transported them to a warehouse located in Frankfort, Illinois, for sale by co-conspirators.
>
> 65.    On or about April 11, 2012, Mazharuddin, Uddin and UC met at a location in Milwaukee, Wisconsin, where they discussed problems which occurred with a previously scheduled untaxed/unstamped cigarette deal and made plans to facilitate future deals.

(Indictment at 12-13.)

The indictment also sets forth forty-one substantive counts of unlawful transportation,

receipt, possession, sale, distribution, and purchase of contraband cigarettes, incorporating the

previous allegations by reference.   Count forty-two alleges that on March 7, 2012,

Mazharuddin, Uddin, and Sunnokrot knowingly and unlawfully obtained 113 cases of

contraband cigarettes, contrary to 18 U.S.C. §§ 2342(a) & 2.

## C.    Analysis

The indictment sufficiently sets forth the elements of the offenses by tracking the statutory text, and Mazharuddin makes no argument regarding double jeopardy issues. Rather, he contends in his objections that the indictment fails to state the essential facts constituting the charged offenses. He acknowledges that the indictment sets forth numerous overt acts committed in furtherance of the conspiracy. However, with regard to him, Mazharuddin contends that it is only alleged that he provided contact information for an undercover ATF agent, which he argues does not rise to the level of sufficiency required of an indictment. Mazharuddin states that although the indictment may be sufficient with regard to other defendants, who were buying and selling contraband cigarettes and enriching themselves, there is no allegation that he did so.

Mazharuddin's truncated reading of the indictment skips over the allegation that he identified the UC as "a non-regulated, unauthorized source of untaxed/unstamped cigarettes," connecting the source of the contraband cigarettes (the UC) with a distributor (Uddin). Mazharuddin also omits any discussion of his later meeting with the UC to postpone a sale to Uddin, as Uddin was having trouble getting all of the money from his buyer in Illinois. Mazharuddin further ignores his alleged involvement in setting up a purchase of contraband cigarettes by Uddin and Sunnokrot, Mazharuddin's business partner. The substantive count against Mazharuddin alleges that he, Uddin, and Sunnokrot, as principals and aiders and abettors, completed that transaction on March 7, 2012. Thus, contrary to Mazharuddin's claim, the indictment does allege that he participated in the charged transactions. Moreover, he cites no authority for the contention that bringing buyer and seller of contraband items together, as

is alleged here, fails to sufficiently charge a conspiracy. See, e.g., United States v. Gilmer, 534 F.3d 696, 703 (7th Cir. 2008) (finding evidence sufficient where the defendant served as an intermediary in the conspiracy, bridging the divide between a willing buyer and seller). Nor does it matter, for purposes of his aiding and abetting liability, that Mazharuddin may not have been physically present for the actual purchase on March 7, 2012. See United States v. George, 658 F.3d 706, 709 (7th Cir. 2011). For these reasons and those stated by the magistrate judge, the motion to dismiss will be denied.[1]

## II. MOTION FOR BILL OF PARTICULARS

### A. Applicable Legal Standards

Under Fed. R. Crim. P. 7(f), the district court may in its discretion direct the government to file a bill of particulars – a more specific expression of the crimes the defendant is accused of having committed. United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). The court need not order a bill if "the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." Id. Nor is a bill of particulars required when information necessary for a defendant's defense can be obtained through some other

---

[1]In his objections, Mazharuddin indicates that he also incorporates his original arguments made to the magistrate judge. However, a general statement that a party "incorporates all arguments previously made to the magistrate" does not suffice to trigger the district court's obligation to perform a de novo review. United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (quoting United States v. Molinaro, 683 F. Supp. 205, 211 (E.D. Wis. 1988)). In any event, the arguments in the original motion fail. Mazharuddin argued that the indictment failed to allege sufficient facts regarding his knowledge that the cigarettes were contraband; that he believed the transactions discussed were legitimate; and that the UC pursued, prodded, and manipulated him. The indictment sets forth the applicable mens rea element in charging the offenses; it need not explain precisely how that element will be proved. Mazharuddin's contentions regarding the evidence, which go beyond the four corners of the indictment, are properly presented to the jury at trial. See United States v. DiFonzo, 603 F.2d 1260, 1263 (7th Cir. 1979) ("The defendant is not permitted to transcend the four-corners of the indictment in order to demonstrate its insufficiency.").

6

satisfactory form, such a discovery.  <u>Id.</u>  This will often be the case when the government maintains an "open file" policy providing the defendants with complete and open discovery of all evidence assembled and revealed in the government's investigation.  <u>Id.</u>; <u>see also</u> <u>United States. v. Hernandez</u>, 330 F.3d 964, 975 (7th Cir. 2003) (holding that the district court did not abuse its discretion in denying a bill of particulars where information needed for the defense was available in discovery).

**B.     Analysis**

The magistrate judge denied Mazharuddin's motion for a bill of particulars, noting that the indictment describes the alleged conspiracy, the dates during which it was allegedly operated, and the statutes violated.  The substantive counts also set forth the relevant dates and the number of contraband cigarettes involved in the particular offense.  The magistrate judge thus found that the indictment supplied sufficient information about the nature of the charges to enable the defendants to adequately prepare for trial.  The magistrate judge further noted that the government is following its open file policy in this case, and that the defendants had been provided discoverable material pursuant to that policy.

In his objections, Mazharuddin concedes that the magistrate judge applied the correct legal standard but argues that she erred in not requiring the bill in his case.  He contends that in his motion he sought specific, limited information essential to properly prepare his defense. He further argues that the indictment in this case contains the sort of generalized charges against which a bill of particulars is designed to protect.

First, I have rejected Mazharuddin's argument regarding the sufficiency of the indictment.  As discussed above, the indictment in this case supplies considerable detail regarding the charged offenses, providing more than enough information to enable him to

7

prepare his defense. Second, Mazharuddin does not even contend, much less show, that he cannot obtain any additional information needed to prepare his defense from the open file materials. Finally, as the government notes, Mazharuddin's original motion reads like a request for the evidentiary details of the government's case, which he has no right to discover through a bill of particulars. United States v. Brock, 863 F. Supp. 851, 867 (E.D. Wis. 1994) (citing United States v. Glecier, 923 F.2d 496, 501-02 (7th Cir. 1991)). The magistrate judge did not abuse her discretion or clearly err in denying this motion.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 84) is adopted, and defendant's motion to dismiss the indictment (R. 71) is **DENIED**. The objection to the magistrate judge's order denying defendant's motion for a bill of particulars is overruled.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge