# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
        Plaintiff,

    v.                                **Case No. 12-CR-88**

MAZHER KHAN
        Defendant.

## DECISION AND ORDER

A jury convicted defendant Mazher Khan on counts 13, 15, and 25 of the indictment, which alleged that on July 8, 2011, July 15, 2011, and September 21, 2011, respectively, he knowingly and unlawfully possessed and transported contraband cigarettes, in violation of 18 U.S.C. § 2342(a). The government presented evidence that, on each of those dates, defendant purchased unstamped cigarettes from an undercover ATF warehouse in Milwaukee, Wisconsin and transported them back to Illinois.

Defendant moved for judgment of acquittal under Fed. R. Crim. P. 29, and I afforded him additional time to file a written motion. Defendant has filed the motion, as well as joining a motion for arrest of judgment under Fed. R. Crim. P. 34 filed by his co-defendant Shakil Wamiq. I now deny the Rule 29 motion. I address the Rule 34 motion in a separate decision.

## I. APPLICABLE LEGAL STANDARDS

In deciding a Rule 29 motion, the court determines whether, at the time of the motion, there was relevant evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government, and bearing in mind that it is the exclusive function of the jury to determine the credibility of

witnesses, resolve evidentiary conflicts, and draw reasonable inferences.  United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989).  A defendant challenging the sufficiency of the evidence bears a heavy, indeed, nearly insurmountable, burden.  United States v. Warren, 593 F.3d 540, 546 (7th Cir. 2010).   To prevail, he must show that no rational trier of fact could find that the government proved the essential elements of the crime beyond a reasonable doubt.  United States v. Griffin, 684 F.3d 691, 694 (7th Cir. 2012).

## II.  ELEMENTS OF THE OFFENSES

In order to obtain convictions in this case, the government had to prove (1) that the defendant knowingly shipped, transported, received, possessed, sold, distributed, or purchased a certain quantity of cigarettes; and (2) that the cigarettes were "contraband cigarettes," meaning:

1.   more than 10,000 cigarettes,

2.   which bear no evidence of the payment of applicable State cigarette taxes in the State where such cigarettes are found, if such State requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes,

3.   which are in the possession of any person other than:
(a) a manufacturer or export warehouse proprietor;
(b) a common carrier transporting cigarettes under a proper bill of lading;
(c) a person who (i) is licensed or otherwise authorized by the State where the cigarettes are found to account for and pay cigarette taxes imposed by such State; and (ii) who has complied with the accounting and payment requirements relating to such license or authorization with respect to the  cigarettes involved; or
(d) an officer, employee, or other agent of the United States or a State, having possession of such cigarettes in connection with the performance of official duties.

(Jury Instructions [R. 146] at 27-29.)

Defendant held an Illinois distributor's license, which would have permitted him to

possess more than 10,000 unstamped cigarettes, so long as he had complied with the "accounting and payment requirements" relating to his license with respect to the cigarettes involved.  As is pertinent here, Illinois law states that a distributor may apply tax stamps only to original packages of cigarettes purchased or obtained directly from an in-state maker, manufacturer, or fabricator licensed as a distributor under the Illinois Cigarette Tax Act or an out-of-state maker, manufacturer, or fabricator holding a permit under the Illinois Cigarette Tax Act; that any licensed distributor that ships or otherwise causes to be delivered unstamped original packages of cigarettes into, within, or from the State ensure that the invoice or equivalent documentation for the shipment identifies the true name and address of the consignor or seller, the true name and address of the consignee or purchaser, and the quantity by brand style of the cigarettes so transported; and that every distributor licensed under the Illinois Cigarette Tax Act file a return with the Illinois Department of Revenue on or before the 15th day of each calendar month, setting forth the quantity of cigarettes that the distributor brought into Illinois or caused to be brought into Illinois from outside Illinois during the preceding calendar month, which do not show evidence that the tax has been paid, and the quantity of cigarettes sold or otherwise disposed of during the preceding calendar month. (Jury Instructions at 30-31.)

### III.  DISCUSSION

In his motion, defendant argues that it was not a violation of § 2342 for him to purchase unstamped cigarettes in Wisconsin and transport them to Illinois, as he was on the dates in question licensed to account for and pay cigarette taxes.  He further claims that on the dates listed in the indictment he had complied with the accounting and payment requirements, of which there were none.  He contends that in order for cigarettes to be "contraband" they must

3

bear no evidence of the payment of <u>applicable</u> cigarette taxes. At the time he possessed and transported the cigarettes at issue, he contends, there was no applicable tax because Illinois law does not require stamping until the cigarettes are delivered to an Illinois retailer. And, he contends, there was no evidence that any of the cigarettes he purchased from the ATF warehouse were sold to a secondary distributor or retailer without stamps. Because the cigarettes were purchased lawfully, and the cigarettes were not contraband at or near the times mentioned in the indictment, he argues that no offense was alleged.

As defendant admits, he failed to make this argument previously. In any event, the argument lacks merit. The word "applicable" in this context simply means that the State has a cigarette tax with a stamping requirement; it does not require an intent to sell the cigarettes in the State in which they are found. <u>See</u> <u>United States v. Boggs</u>, 785 F.2d 582, 584 (4th Cir. 1985). Defendant argues that to read the statute as applying to any unstamped cigarette package gives no meaning to the word "applicable" in the phrase "applicable State cigarette taxes," but that is incorrect; the definition would exclude cigarettes in States that lack a cigarette tax. Because Illinois has such a tax – and requires that payment be evidenced by tax stamps affixed to each original package of cigarettes – it is generally unlawful for a person to possess more than 10,000 unstamped cigarettes in Illinois. Only a person designated in 18 U.S.C. § 2341(2)(A)-(D) may possess such cigarettes. <u>See also</u> <u>Boggs</u>, 785 F.2d at 585 (noting that a person transporting unstamped cigarettes through a state in which he did not intend to sell them may do so pursuant to an appropriate invoice).

Defendant admits that his construction of the statute renders § 2341(2)(C) superfluous, at least until the person sells the cigarettes without stamping them (as it is at that point that there is an "applicable" tax). But § 2342(a) makes it crime to "ship, transport, receive, possess,

sell, distribute, or purchase contraband cigarettes." Defendant's construction reads out all of the verbs except "sell" and "distribute."

Defendant argues that applying his construction of the word "applicable" prevents a lawful event from later being labeled unlawful. Defendant presents no authority for the proposition that the lawfulness of conduct may not be contingent on later events – such as the filing of required cigarette tax returns. At trial, the government introduced certified copies of defendant's returns corresponding to July 8, 2011, July 15, 2011, and September 21, 2011, none of which accounted for the cigarettes defendant purchased at the undercover warehouse. In July 2012, after he was indicted, defendant filed a return purporting to show that he had purchased cigarettes from an entity known as "Milwaukee Distributors" in 2011. Even if I assume that a tardy return, filed post-indictment, could properly account for unstamped cigarettes, defendant's 2012 return failed to include information required to satisfy the accounting requirements of his license, such as the invoice numbers for the purchases and the federal business identification number for the entity from which the cigarettes were purchased. Moreover, even if the tardy and incomplete return could be accepted, defendant's purchases from the undercover ATF warehouse were unlawful at the time they were made, as his license forbade him from acquiring and affixing stamps to cigarettes from a manufacturer or distributor not holding a permit under the Illinois Cigarette Tax Act. In sum, defendant could not lawfully stamp these cigarettes, as required by his license.[1]

---

[1] The government also presented ample evidence that defendant knew or should have known that the Milwaukee ATF warehouse was an illegitimate operation. The warehouse was run by an undercover ATF agent who used only his first name, "Mike"; the warehouse contained no office equipment; customers were required to load their own cigarettes; Mike charged significantly less than a legitimate manufacturer; he provided no receipts or invoices; and customers paid in cash, often carrying the money in shopping bags.

5

Defendant also argues that the government should have proceeded on just one count, alleging that from May 2011 to June 2012 he possessed and sold contraband cigarettes. A multiplicity argument should be raised prior to trial, not via post-verdict Rule 29 motion. See, e.g., United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006); United States v. Simpson, No. 96-4687, 1997 WL 414398, at *1 (4th Cir. July 23, 1997). In any event, defendant provides no authority in support of his argument. Section 2342 is most naturally read as applying to each particular transaction in contraband cigarettes. As the government notes, reading the statute as defendant does would likely create a duplicity problem.[2]

Finally, defendant attacks the jury instructions. Such arguments are also not properly presented under Rule 29. See, e.g., United States v. Carter, 966 F. Supp. 336, 340 (E.D. Pa. 1997), aff'd, 156 F.3d 493 (3d Cir. 1998). Further, defendant failed to raise these specific challenges during the instruction conference and has thus waived his new challenges. See, e.g., United States v. Persfull, 660 F.3d 286, 298 (7th Cir. 2011), cert. denied, 132 S. Ct. 2713 (2012). In any event, his arguments lack merit. Defendant argues that the instructions contained errors on pages 18, 22, 23, but these pages set forth the indictment, not my instructions on the law. Defendant claims that the second paragraph of the instruction on page 30 "claims that a distributor must stamp all cigarettes sold in Illinois. This is not true. Under the Illinois Cigarette Tax Act he cannot deliver unstamped cigarettes to a place that sells cigarettes at retail or to a re-distributor." (Motion at 5.) The instruction actually stated that "before delivering or causing to be delivered any original package of cigarettes in Illinois to a purchaser, each distributor must firmly affix a proper stamp or stamps to each package." (Jury

---

[2]To the extent that defendant seeks to raise this argument under Rule 34, he fails to provide any authority in support.

Instructions at 30.) This is a correct statement of law. <u>See</u> 35 ILCS 130/3. Defendant argues that the third paragraph of this instruction "states incorrectly that only licensed distributors and transporters can possess unstamped packages. Mr. Khan can also deliver unstamped packages to unlicensed distributors located in Indiana or other states." (Motion at 5.) Defendant does not argue that the instruction misstates the law, nor does he explain the relevance of any authority he may have to deliver cigarettes to other states. Defendant argues that paragraphs five and six of this instruction, although correct statements of the law, improperly imply that a violation of Illinois State law supports the charges in this case. Defendant is again incorrect. When the person is a licensed distributor, "a violation of state cigarette tax law may be a predicate to a CCTA violation." <u>United States v. Skoczen</u>, 405 F.3d 537, 547 (7th Cir. 2005) (citing <u>United States v. Gord</u>, 77 F.3d 1192, 1193 (9th Cir. 1996)).

Defendant fails to make any other specific challenges to the sufficiency of the government's proof. He has therefore waived any such argument(s). <u>See</u> <u>United States v. Moore</u>, 363 F.3d 631, 637 (7th Cir. 2004), <u>vacated on other grounds</u>, 543 U.S. 1100 (2005). In any event, as set forth in detail in the government's response, the evidence was more than sufficient to satisfy the elements of the offenses.

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's Rule 29 motion (R. 183) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge