**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                                             **Case No. 12-CR-88**

**SHAKIL WAMIQ**
        **Defendant.**

---

## DECISION AND ORDER

A jury convicted defendant Shakil Wamiq on four counts of knowingly and unlawfully possessing and transporting contraband cigarettes, in violation of 18 U.S.C. § 2342(a). The government presented evidence that, on each of the charged dates, defendant purchased unstamped cigarettes from an undercover ATF warehouse in Milwaukee, Wisconsin and transported them back to Illinois. Defendant moved for judgment of acquittal under Fed. R. Crim. P. 29, and I afforded him additional time to file a written motion. Following several extensions, defendant filed the Rule 29 motion, as well as a motion for arrest of judgment under Fed. R. Crim. P. 34.

## I. APPLICABLE LEGAL STANDARDS

In deciding a Rule 29 motion, the court determines whether, at the time of the motion, there was relevant evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government, and bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences. United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). A defendant challenging the sufficiency of the

evidence bears a heavy, indeed, nearly insurmountable, burden. United States v. Warren, 593 F.3d 540, 546 (7th Cir. 2010). To prevail, he must show that no rational trier of fact could find that the government proved the essential elements of the crime beyond a reasonable doubt. United States v. Griffin, 684 F.3d 691, 694 (7th Cir. 2012).

Under Rule 34, the court will arrest judgment if: (1) the indictment or information does not charge an offense, or (2) the court does not have jurisdiction of the charged offense. The Rule allows the court to invalidate a judgment due to a fundamental error appearing on the face of the record. The record includes only the indictment, the plea, the verdict, and the sentence; the evidence is not part of the record. 3 Charles Alan Wright and Sarah N. Welling, Federal Practice and Procedure § 601, at 576-77 (2011). Such motions are rarely granted. Id. at 579.

## II.  ELEMENTS OF THE OFFENSES

In order to obtain convictions in this case, the government had to prove (1) that the defendant knowingly shipped, transported, received, possessed, sold, distributed, or purchased a certain quantity of cigarettes; and (2) that the cigarettes were "contraband cigarettes," meaning:

1. more than 10,000 cigarettes,

2. which bear no evidence of the payment of applicable State cigarette taxes in the State where such cigarettes are found, if such State requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes,

3. which are in the possession of any person other than:
(a) a manufacturer or export warehouse proprietor;
(b) a common carrier transporting cigarettes under a proper bill of lading;
(c) a person who (i) is licensed or otherwise authorized by the State where the cigarettes are found to account for and pay cigarette taxes imposed by such State; and (ii) who has complied with the accounting and payment requirements relating to such license or authorization with respect to the cigarettes involved; or

2

> > (d) an officer, employee, or other agent of the United States or a State, having possession of such cigarettes in connection with the performance of official duties.

(Jury Instructions [R. 146] at 27-29.)

In this case, the evidence showed that defendant operated a licensed Illinois distributor, which would have permitted him to possess more than 10,000 unstamped cigarettes, so long as the "accounting and payment requirements" with respect to the cigarettes involved were satisfied. As is pertinent here, Illinois law states that a distributor may apply tax stamps only to original packages of cigarettes purchased or obtained directly from an in-state maker, manufacturer, or fabricator licensed as a distributor under the Illinois Cigarette Tax Act or an out-of-state maker, manufacturer, or fabricator holding a permit under the Illinois Cigarette Tax Act; that any licensed distributor that ships or otherwise causes to be delivered unstamped original packages of cigarettes into, within, or from the State ensure that the invoice or equivalent documentation for the shipment identifies the true name and address of the consignor or seller, the true name and address of the consignee or purchaser, and the quantity by brand style of the cigarettes so transported; and that every distributor licensed under the Illinois Cigarette Tax Act file a return with the Illinois Department of Revenue on or before the 15th day of each calendar month, setting forth the quantity of cigarettes that the distributor brought into Illinois or caused to be brought into Illinois from outside Illinois during the preceding calendar month, which do not show evidence that the tax has been paid, and the quantity of cigarettes sold or otherwise disposed of during the preceding calendar month. (Jury Instructions at 30-31.)

### III. DISCUSSION

In his Rule 29 motion, defendant argues that (1) the federal cigarettes trafficking statutes

3

are impermissibly vague and failed to confer jurisdiction in this case; (2) the government failed to prove that he was the person responsible for "accounting" for the cigarettes he obtained; and (3) the four counts should be reclassified into a single count. The first and third arguments are not properly presented under Rule 29. Nor does defendant present any authority for considering them under Rule 34. In any event, for the reasons set forth below, the arguments lack merit. Finally, the government presented sufficient evidence to sustain the convictions. I therefore deny both motions.

**A.    Jurisdictional/Constitutional Arguments**

Defendant argues that, under the government's theory, in order to convict the jury had to first find an unspecified violation of state law related to the accounting and payment requirements for the cigarettes involved. He contends that the federal statute is vague as to the nature of those requirements, that state law may not be used to define those requirements, and that the federal government should not be permitted to prosecute him when the State of Illinois failed to act.

The Seventh Circuit has acknowledged that a violation of state cigarette tax law may be a predicate to a § 2342 violation. United States v. Skoczen, 405 F.3d 537, 547 (7th Cir. 2005) (citing United States v. Gord, 77 F.3d 1192, 1193 (9th Cir. 1996)); see also United States v. Boggs, 775 F.2d 582, 585 (4th Cir. 1985) (holding that Congress may under the Commerce Clause provide in the definition of "contraband" for the States' application of their own cigarette tax laws). In this case, I instructed the jury on the specific provisions of Illinois law relevant to this determination, and the government presented evidence that the entity for whom defendant worked, Good Deal Wholesale, never filed returns accounting for the cigarettes defendant purchased on the dates set forth in the indictment, as required by Illinois law.

Defendant notes that the State of Illinois never charged him or his employer with a violation, but he provides no authority for the notion that a federal prosecution cannot commence unless and until the State has acted to enforce its tax laws. Defendant argues that given the State's failure to act federal prosecution "for what would otherwise be a state administrative charge would be an improper and egregious enhancement." (Motion [R. 193] at 4.) It is not the court's job under Rule 29 (or Rule 34) to second guess the government's exercise of prosecutorial discretion. Defendant further argues, citing legislative history, that he is not the kind of person against whom § 2342 was intended to be used. Again, in deciding a Rule 29 motion, the court determines whether a reasonable jury could have found that the government proved the essential elements of the crime beyond a reasonable doubt; the court does not inquire into whether the underlying purposes of the law are served by the prosecution. Nor does Rule 34 permit such an inquiry.

Defendant next contends that, because he is a person covered by 18 U.S.C. § 2341(2) (i.e., a person "licensed or otherwise authorized by the State where the cigarettes are found to account for and pay cigarette taxes imposed by such State"), the government had to prove that he failed to comply with the accounting and payment requirements relating to the license. He argues that the federal statute fails to define those accounting and payment requirements, and that the Illinois statutes cannot be used to fill in the gap. Again, however, defendant ignores Skoczen, in which the Seventh Circuit specifically acknowledged that, when the § 2342 defendant is a licensed distributor, his violation of state law may serve as a predicate for a federal conviction.

Defendant contends that the statute violates due process because it is not possible to determine when a violation of State law would place one in violation of § 2342. Rule 29 is not

5

the proper vehicle for making a constitutional challenge to a federal statute. Nor does defendant cite any authority for using Rule 34 to make a vagueness/due process challenge. In any event, defendant fails to make persuasive argument. I instructed the jury on the clear requirements of Illinois law pertaining to cigarette distributors, including that they file returns accounting for cigarettes obtained. Further, defendant cannot persuasively argue that it was unfair to charge him in this case, as the government presented ample evidence that he knew or should have known that the Milwaukee ATF warehouse was illegitimate. The warehouse was run by an undercover ATF agent who used only his first name, "Mike"; the warehouse contained no office equipment; customers were required to load their own cigarettes; Mike charged significantly less than a legitimate manufacturer; he provided no receipts or invoices; and customers paid in cash, often carrying the money in shopping bags.

Finally, the indictment, which tracked the language of the statute, properly charged the offenses, see Gord, 77 F.3d at 1194; Boggs, 785 F.2d at 586, and the court had jurisdiction based on that indictment, see United States v. Rogers, 270 F.3d 1076, 1078 (7th Cir. 2001). Therefore, there is no basis for arresting the judgment under Rule 34.

**B.     Defendant's Responsibility to Account**

Defendant argues that the government failed to prove that he did not comply with the relevant accounting and payment requirements. Agent Hoff of the Illinois Department of Revenue testified that the accounting requirements relate to the cigarette tax returns required by Illinois law. Defendant argues that he was not the party responsible for the filing of the tax returns; rather, the president of Good Deal Wholesale, Sayed Tariq Ali, was. However, defendant admitted to Agent Hoff that he was "responsible for the business." (Trial Tr. [R. 169] at 40.) He further told Hoff that although Sayed Tariq Ali was on the paperwork he "had really

6

nothing to do with the business." (Id. at 45.) Defendant notes that the Illinois Department of Revenue can review and request amended returns, but he fails to explain why the existence of that option precludes the government from enforcing § 2343.

**C.     Multiplicity**

Finally, defendant argues that the multiple counts of which he was convicted should be reclassified as a single count. A multiplicity argument should be raised prior to trial, not via post-verdict Rule 29 motion. See, e.g., United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006); United States v. Simpson, No. 96-4687, 1997 WL 414398, at *1 (4th Cir. July 23, 1997). In any event, defendant provides no authority in support of his argument. Section 2342 is most naturally read as applying to each particular transaction in contraband cigarettes. Defendant argues that, under the government's theory of the case, any violation would not have occurred at the time of purchase but rather when the "accounting and payment requirements" were not met. Even accepting the premise, the argument fails, as Illinois law requires the filing of monthly returns setting forth the quantity of cigarettes that the distributor brought into Illinois in the preceding month, and the government presented evidence that defendant failed to comply with this requirement as to each particular transaction. Further, the government presented evidence that defendant could not have complied with the terms of his Illinois license regarding these cigarettes, as the undercover Milwaukee warehouse was not a permitted distributor or manufacturer from which defendant could obtain and stamp cigarettes. Thus, these transactions were illegal at the time they were made.[1]

---

[1] Defendant fails to make any other specific challenges to the sufficiency of the government's proof. He has therefore waived any such argument(s). See United States v. Moore, 363 F.3d 631, 637 (7th Cir. 2004), vacated on other grounds, 543 U.S. 1100 (2005). In any event, as set forth in detail in the government's response, the evidence was more than

7

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's Rule 29 motion (R. 193) and Rule 34 motion (R. 209) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

sufficient to satisfy the elements of the offenses.  To the extent that defendant joins the arguments made by co-defendant Khan in his Rule 29 motion, for the reasons stated in my order denying Khan's motion, those arguments lack merit.

8