# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                               **Case No. 12-CR-88**

**SHAKIL WAMIQ**
        **Defendant.**

## ORDER

On April 12, 2013, a jury convicted defendant Shakil Wamiq of four counts of trafficking in contraband cigarettes, and on July 17, 2013, I sentenced him to 21 months in prison. I allowed self-surrender to the institution designated by the Bureau of Prisons, and defendant was subsequently given a report date of August 15, 2013. On August 12, 2013, he filed a motion to extend the time for surrender, indicating that he had "been unable to complete and wrap up his business affairs during this short time period." (R. 256 at 1.) He thus requested a brief extension of three weeks to complete his business affairs and surrender at the designated institution. I granted the motion by text only order on August 14, 2013, extending the report date to September 5, 2013.

On September 4, 2013, defendant filed an emergency motion for extension of time to surrender into custody. However, the motion identifies no emergency. Instead, it states:

> Mr. Wamiq has six (6) remaining anger management/domestic violence classes remaining to complete his court-ordered domestic violence program in case number 12-DV-30921 in Cook County, Illinois. (Letter and Listing of Court Ordered Conditions from the Social Service Department of the Circuit Court of Cook County attached hereto as Exhibit A.) The remaining six (6) classes in the program take place once per week.

(R. 262 at 1.) Defendant asks that I extend the report date to October 21, 2013, so that he may complete his court-ordered domestic violence program before surrendering into custody.

The letter attached to the motion is dated February 5, 2013, and defendant fails to explain why he could not have brought this issue to my attention before September 4, 2013, the day before his already extended report date. He identifies no other good cause for further extending the surrender date. The motion instead appears to be for the purpose of delay.

**THEREFORE, IT IS ORDERED** that defendant's emergency motion for extension of time to surrender into custody (R. 262) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge